## Vallandingham v. Cook.

(Decided January 29, 1926.)

### Appeal from Grant Circuit Court.

New Trial—Defendant, Unable, to Attend Court, Held Entitled to New Trial.—Where defendant was unable, on account of illness, to travel 11 miles to court on day of trial, denial of new trial held error, especially where judgment included item for which plaintiff had admitted defendant was entitled to credit.

B. F. MENEFEE for appellant.

WEBB & HOGAN and OVERTON S. HOGAN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

Appellee sued appellant for a balance of $587.06 on
a running account between them.   The defendant by way
of answer and counterclaim denied receiving some part
of the goods mentioned in the account sued on to the
extent of about $340.00, and alleged that he had returned
to the plaintiff part of such merchandise aggregating in
value $685.68.   He then by way of counterclaim alleges
that he and plaintiff entered into a contract by which he
was to handle certain feed stuffs made by plaintiff at
his mill, and that plaintiff was to deliver the same to him
at his place of business, and to pay him 12% commission
on all such goods sold by defendant, and that they were
each to pay one-half of the rent on a store house where
such feed stuff was to be handled.   He alleges that this
commission on goods so sold amounted to $321.54, that
he paid rent on the building amounting to $50.00, one-
half of which plaintiff owed him, and that he paid certain
freight charges on feed consigned to him amounting to
$51.62 which under the terms of their contract it was
plaintiff's duty to pay, and that he did certain hauling at
his own expense amounting to $22.80 which he paid out
for the plaintiff, and on his counterclaim prays judg-
ment over against the plaintiff for $162.39.

The affirmative allegations of the answer and coun-
terclaim were put in issue, and the case assigned for trial
on a given day.

When that day came there were two cases assigned
for trial, the one having precedence being a railroad case
which it was assumed would take two or three days to try;
but shortly after the railroad case was called for trial it
was compromised, and then immediately this case was
called.   The defendant was not in court and lived 11
miles from the county seat.   The court declined to pass
the case, but proceeded with the trial.   Counsel for de-
fendant sent a messenger to defendant's home to notify
him the case was on trial, and that messenger returned
saying that defendant said he was sick and unable to
come to court.   Counsel then filed his own affidavit stating
these things, but the court deemed it insufficient and pro-
ceeded with the trial, but did not complete the trial on
that day.   The next morning there was produced in court
a certificate from defendant's doctor to the effect that

he was sick, suffering from autointoxication and "unable to attend to his usual vocation."

Defendant's counsel then again asked the court to set aside the swearing of the jury and continue the case, which motion was overruled. There was then issued a subpoena returnable at one o'clock on that day against the defendant, his physician and several other persons living in his neighborhood, and they all responded at that time except defendant and his physician. The other witnesses so summoned knew nothing of the defendant's physical condition except that one of them had seen him at his next door neighbor's house on the day before at the telephone, and another at his doctor's office during that day. The court then proceeded to give the jury a peremptory instruction to find for the plaintiff for the full amount of the plaintiff's claim in accordance with the plaintiff's evidence theretofore given. But after the jury had signed that verdict, and before the same was entered, defendant's doctor appeared in court and stated to the court that he had been summoned by the deputy sheriff to appear at 1:30 instead of 1:00 o'clock, and that it was then only 1:25; and then before the entry of the verdict the doctor testified that defendant became suddenly ill on the morning before that (the day his case was set for trial) and was suffering from autointoxication and protruding piles; that the piles were protruding considerably and were of a chronic nature, and that the hemorrhoids being greatly inflamed and irritated were so tender and sore as to cause defendant at that time, and ever since, great pain; that defendant's temperature was unusually high, and he was sick at the stomach and had pains in his bowels and back, and that affiant had given him medicines and ointments for his said complaints, and stated to the court that defendant was unable to be in court on the morning of the 17th or at any time since, or then.

The only question necessary to consider is whether under this evidence the court abused its discretion in not granting the defendant a new trial upon this ground. Under the doctor's evidence there was a sudden and unexpected illness, and the fact that defendant on that day went a short distance to his doctor's office or went to a neighbor's house next door to the telephone is not inconsistent with his total inability to go on that day 11 miles to the county seat to attend a trial. A man in intense suffering may move with effort a short distance, when it

would be in fact practically inhuman to require him to go a distance of 11 miles.

It appears that the judgment embraces at least one item of $25.00 which the plaintiff on cross-examination admitted defendant was entitled to credit for, and it is apparent that there has been no fair trial upon the issues made in the pleadings. Under these circumstances and the uncontradicted evidence of the doctor we are impelled to the conclusion that the court abused its discretion in not granting defendant a new trial.

The judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.